| | DATE FILED: September 24, 2015 3:30 PM |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>P.O. Box 2038, Greeley, CO 80632-2038<br>901 Ninth Avenue, Greeley, CO 80631<br>Phone Number: 970-475-2400 | |
| VICTORIA CITRINO AND ROBERT CITRINO,<br>Plaintiffs,<br>vs<br>AMERICAN NATIONAL PROPERTY AND<br>CASUALTY COMPANY, A MISSOURI<br>CORPORATION | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiffs<br>Witwer, Oldenburg, Barry & Groom, LLP<br>John J. Barry, No. 10401<br>822 7th Street, Suite 760<br>Greeley, CO 80631<br>Phone Number: 970-352-3161<br>Fax Number: 970-352-3165<br>E-mail: JBARRY@WOBJLAW.COM | Case No.<br><br>Div.: |
| **COMPLAINT** | |

COME NOW the Plaintiffs, by and through their attorneys, Witwer, Oldenburg, Barry & Groom, LLP, and as and for the Complaint against the above-named Defendant, would state as follows:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff Victoria Citrino is an individual who is a resident of Weld County, Colorado.

2. Plaintiff Robert Citrino is an individual who is a resident of Weld County, Colorado.

3. Plaintiffs Victoria Citrino and Robert Citrino are, and at all times pertinent hereto have been, lawful husband and wife.

4. Defendant American National Property and Casualty Company (hereinafter "ANPAC") is a for-profit company, organized under the laws of the State of Missouri, and doing business in the County of Weld, State of Colorado.

5. This Court has jurisdiction over the subject matter of this action and the parties hereto, and venue is proper in the County of Weld and State of Colorado, as Weld County is the county where the Defendant sold to the Plaintiffs the insurance coverage as hereinafter described, as well as the county in which the subject motor vehicle accident, as hereinafter described, occurred.

6. On or about September 25, 2012, Plaintiff Victoria Citrino was operating her 2007 Toyota Camry automobile northbound on 47th Avenue at the intersection of the Highway 34 bypass and 47th Avenue in the City of Greeley, County of Weld, State of Colorado. At that same time and place, Jarrod D. Allord was operating his 2009 Ford F150 pick-up proceeding eastbound on Highway 34 near the intersection of 47th Avenue and Highway 34 in the City of Greeley, County of Weld, and State of Colorado.

7. At the aforesaid time and place, Jarrod Allord operated his motor vehicle in a careless, reckless and negligent manner, having failed to yield the right-of-way, which was controlled by traffic signals, and which right-of-way was held by Victoria Citrino, as well as by Cody R. Johnson and Mercy Rivera-Birdwell, who were also operating their vehicles northbound on 47th Avenue at the same time and place as Victoria Citrino operated her 2007 Toyota Camry automobile.

8. As a direct, actual and proximate result of the carelessness, recklessness and negligence of Jarrod D. Allord, the F150 pick-up operated by Jerrod D. Allord broadsided the driver's side of the 2007 Toyota Camry operated by Victoria Citrino.

9. The motor vehicle accident described above caused serious injuries and damages to Victoria Citrino as a direct, actual and proximate result of the aforesaid motor vehicle accident.

10. At the time of the aforesaid motor vehicle accident, Jerrod D. Allard was an underinsured motorist, as the nature and extent of the damages which his carelessness, recklessness and negligence caused were far greater than the amount of the motor vehicle insurance limits which were available under his policy of liability insurance to pay claims as a result of his conduct.

11. At the time of the aforesaid motor vehicle accident, ANPAC provided one or more policies of motor vehicle insurance in accordance with the provisions of CRS §10-4-601, et seq., for coverage for the Plaintiffs as well as an operator of the Plaintiffs" 2007 Toyota Camry automobile.

12. Pursuant to Colorado law, Defendant ANPAC is a person engaged in the business of insurance.

13. Plaintiffs purchased a motor vehicle insurance policy from ANPAC, with respect to the Plaintiffs' 2007 Toyota Camry motor vehicle, which policy of insurance was in effect at the time of the motor vehicle accident referenced herein.

14. In attempt to resolve the Plaintiffs' claims against ANPAC pursuant to the uninsured/underinsured motorist coverage portions of the motor vehicle insurance policy obtained by Plaintiffs from ANPAC, the Plaintiffs provided substantial medical, financial, employment and other information to ANPAC.

15. Plaintiffs, for purposes of the subject uninsured/underinsured motorist provisions of the Plaintiffs' policy with ANPAC, are First Party Claimants under Colorado law.

16. The damages suffered by Plaintiff Victoria Citrino, and the loss of consortium claim of Plaintiff Robert Citrino, collectively exceed the amount of the insurance available through the motor vehicle insurance policy issued to and covering the actions of Jerrod D. Allord.

17. Defendant ANPAC consented to the settlement of the Plaintiffs' claims against Jerrod D. Allord and the insurance carrier providing motor vehicle insurance coverage for the said Jerrod D. Allord, thereby authorizing the Plaintiffs to settle and release their claims against Jerrod D. Allord and his insurance carrier, in exchange for the payment of the policy limits of such insurance policy.

18. Plaintiffs made demand upon ANPAC for payment to them of the reasonable value of their claims against ANPAC pursuant to the uninsured/ underinsured provisions of their motor vehicle insurance policy with regard to the damages caused to the Plaintiffs by the motor vehicle accident of September 25, 2012, but Defendant ANPAC has unreasonably failed to make payment to Plaintiffs of the reasonable value of their claims against ANPAC. Pursuant to the insurance policy contract between Plaintiffs and Defendant ANPAC.

19. Defendant ANPAC is obligated to pay to Plaintiffs up to the contractual insurance policy limits, all injuries and damages caused by the underinsured motorist, in excess of the amounts paid to Plaintiffs by Jerrod D. Allord or Jerrod D. Allord's motor vehicle insurance carried.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

20. Plaintiffs incorporate herein by this reference all allegations contained in paragraphs 1 through 19 in the Introductory Allegations of this Complaint.

21. In consideration of the premiums paid by Plaintiffs to Defendant ANPAC, the Defendant ANPAC issued the policy insurance to Plaintiffs with respect to the Plaintiffs' 2007 Toyota Camry motor vehicle which was operated by Victoria Citrino at the time of the aforesaid motor vehicle accident.

22. As a consequence of their payment of the premiums, Plaintiffs were entitled to coverage with respect to the benefits afforded them under the uninsured/underinsured provisions of the subject ANPAC motor vehicle insurance policy.

23. The policy issued by Defendant ANPAC to Plaintiffs constituted a contract for uninsured/underinsured motorist coverage with Plaintiffs.

24. Plaintiffs have performed all conditions precedent to recovery of the benefits due to them under the terms of the insurance policy issued by ANPAC to the Plaintiffs.

25. Plaintiffs have made demand upon ANPAC for payment of the uninsured motorist benefits to which the Plaintiffs are entitled under the aforesaid ANPAC insurance policy.

26. Defendant ANPAC has failed to adequately and timely respond to the demands of Plaintiffs for payment of benefits due to them under the terms of the ANPAC uninsured/underinsured motorist policy.

27. Defendant ANPAC has breached the terms of the Contract of Insurance with the Plaintiffs by failing to fulfill its duties as set forth in the aforesaid ANPAC insurance policy and in accordance with Colorado law.

28. As a direct, actual and proximate result of Defendant ANPAC's breach of the aforesaid contract of insurance, the Plaintiffs have incurred damages in an amount to be to be proven at the time of trial.

WHEREFORE, Plaintiffs pray for the relief as is more particularly set forth hereinafter.

## SECOND CLAIM FOR RELIEF

### (Breach of the Duty of Good Faith and Fair Dealing)

29. Plaintiffs incorporate herein by this reference the obligation obtained in the foregoing paragraphs 1 through 28.

30. By virtue of the payment of premiums by Plaintiffs to Defendant ANPAC, and by Defendant ANPAC's issuance of the aforesaid contract of insurance, Plaintiffs and Defendant entered into a contract under Colorado law, as more fully described in the said policy of insurance and applicable Colorado laws.

31. Defendant ANPAC owed and continues to owe to Plaintiffs a duty of good faith and fair dealing in fulfilling Defendant ANPAC's obligations to Plaintiffs under the terms of the aforesaid insurance policy.

32. Defendant ANPAC breached its duties to Plaintiff by, among other things, failing to adequately investigate, respond to and pay benefits in response to the demand of Plaintiffs for the payment of benefits to them under the terms of the ANPAC insurance policy.

33. Upon information and relief, among the breaches of the duty of good faith and fair dealing engaged in by Defendant ANPAC with regard to the demands for payment of benefits by the Plaintiffs are the following:

    a. Failure to acknowledge and act reasonably promptly in response to the demands of Plaintiffs for the payment of benefits under the uninsured/underinsured provisions of the subject ANPAC insurance policy;

    b. Failure to implement and follow reasonable standards for the prompt investigation and resolution of claims arising under the terms of the uninsured/underinsured provisions of the subject ANPAC insurance policy;

    c. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    d. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the uninsured/underinsured motorist insurance policy benefits claim of the Plaintiffs;

    e. Compelling Plaintiffs to institute a litigation to recover amounts due to Plaintiffs under the applicable ANPAC motor vehicle insurance policy.

34. As a direct, actual and proximate result of the breach of Defendant ANPAC's duties of good faith and fair dealing in fulfilling ANPAC's contractual duties to the Plaintiffs, the Plaintiffs have suffered damages in an amount to be proven at trial, together with costs, interest and attorney's fees.

WHEREFORE, Plaintiffs pray for the relief as more particularly set forth hereinafter.

### THIRD CLAIM FOR RELIEF

### (Violation of CRS § 10-3-1115 and CRS § 10-301116)

35. Plaintiffs incorporate herein by this reference the allegation contained in paragraphs 1 through 34 of this Complaint.

36. Defendant ANPAC unreasonably delayed and/or unreasonably denied payment of the Plaintiffs' claim for benefits due to them under the terms of the uninsured/underinsured provisions of the insurance policy issued to Plaintiffs by ANPAC, in violation of the provisions of CRS § 10-3-1115.

37. Plaintiffs incurred damages as a direct, actual and proximate result of the aforesaid conduct of Defendant ANPAC.

38. As a consequence of the aforesaid acts and omissions of Defendant ANPAC, Plaintiffs are entitled to recover the benefits due to Plaintiffs under terms of its ANPAC policy their reasonable attorney's fees incurred in prosecution of this action, their Court costs, and two times the covered benefit due to Plaintiffs from ANPAC, in accordance with CRS § 10-3-1116(1).

WHEREFORE, Plaintiffs pray for judgment against Defendant ANPAC for damages and other relief and such in amounts as may be determined at the time of trial, including, but not limited to the following:

   a. All underinsured benefits due to them under the terms of the ANPAC insurance policy;

   b. All economic losses, including lost wages, lost promotions, and similar damages, past and future medical expenses;

   c. All non-economic losses, including, but not limited to, past and present pain and suffering, past and present loss of enjoyment of life, and permanent physical injuries;

      d.    Two times the covered benefit due to the Plaintiffs pursuant to the uninsured/underinsured provisions of the subject ANPAC insurance policy pursuant to CRS § 10-3-1116;

      e.    Reasonable attorney's fees and court costs pursuant to the provisions of CRS §10-3-1116;

      f.    Interest on all of Plaintiffs' damages from the date of incurrence until paid in full;

      g.    And for such other and further relief as is just and proper under the circumstances.

**PLAINTIFFS DEMAND A TRIAL OF ALL MATTERS SO TRIALBLE TO A JURY OF SIX (6) PERSONS.**

Dated this _24th_ day of _September_, 2015.

                WITWER, OLDEN BURG,
                BARRY & GROOM, LLP

                _____
                John J. Barry

Plaintiffs' address:

7305 W. 21st Street
Greeley, CO 80634